UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| THE GORDON LAW GROUP, LTD., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 24-cv-2817 |
| | ) | |
| FPSG LLC, an Illinois Limited Liability Company | ) | Hon. Judge: Martha M. Pacold |
| & JUSTIN MCCORMICK, an Illinois resident | ) | |
| | ) | |
| Defendants | ) | |

## JOINT STATUS REPORT

Plaintiff, The Gordon Law Group, LTD. ("Plaintiff"), and Defendants FPSG LLC ("FPSG") and Justin McCormick ("McCormick"), by and through their respective attorneys, submit the following Joint Status Report, pursuant to the Court's Order [Doc. 19], as follows:

1. The Court requested that the parties confer on an expedited discovery schedule, whether the parties agree to the TRO serving as a preliminary injunction, whether the TRO should be extended another 14 days or through the preliminary injunction hearing, whether the preliminary injunction hearing dates of May 21 and May 22, 2024 still work for the parties, and any request for another status hearing.

2. The parties have exchanged communications and also had telephonic conferences on April 22, 2024. However, the parties have been unable to agree on the above topics.

3. Specifically, Defendant FPSG proposed a protocol for its performing cryptocurrency tax reporting during the pendency of the TRO and any preliminary injunction. Plaintiff has reviewed that proposed protocol, but it is Plaintiff's position that the protocol contains Plaintiff's confidentiality and trade secrets. Accordingly, it appears that a preliminary injunction hearing is necessary.

4. The Plaintiff's position on the remaining matters is as follows:

   a. In order to properly prepare for a preliminary injunction hearing, significant discovery will need to be taken. That discovery necessarily will include information related to: FPSG's methods for preparing crypto tax reports that pre-date its employment of Mr. McCormick; if and/or how FPSG incorporated Plaintiff's confidential information and trade secrets into its own practices; and if and/or how FPSG has built its current procedures by utilizing Plaintiff's confidential information and trade secrets. Discovery also will need to delve into FPSG and McCormick's alleged computer programming to determine its genesis and calculations to determine its use of Plaintiff's confidential information and trade secrets. Moreover, discovery will also need to cover Mr. McCormick's additional cryptocurrency tax preparation offerings through crytposecialist.tax and to what extent FPSG is involved in that separate business offering. Moreover, FPSG has stated it will utilize expert witnesses at any preliminary injunction hearing, so Plaintiff will need expert discovery, including obtaining the expert's report. To meaningfully depose individuals and experts, Plaintiff will need to review any written discovery responses and expert reports prior to depositions. Finally, while FPSG had produced an initial tranche of documents pursuant to the TRO, it has proposed that it will be identifying and producing other documents required to be produced in the TRO, up until May 4, 2024.

   b. Accordingly, Plaintiff proposes the following schedule be entered by the Court:

      i. Parties propound initial written discovery requests by April 26th;

      ii. Defendants' proposed experts be disclosed by May 3rd;

      iii. Parties to respond to written discovery requests by May 10th;

      iv. Defendants' expert reports due by May 17th;

      v. Plaintiff's experts, if any, be disclosed by May 24th;

      vi. Plaintiff's expert report due by June 7th;

      vii. Non-expert depositions to be concluded by June 7th;

      viii. Expert depositions to be concluded by June 14th; and

      ix. Preliminary injunction hearing set for June 18, 2024.

    c. Plaintiff proposes that good cause exists to extend the TRO until the preliminary injunction hearing date. This is especially warranted as the protocol for completing cryptocurrency tax reports proposed by FPSG still, on the face of the proposed protocol documents, includes Plaintiff's formulas and "tidbits."

5.     Defendant FPSG's position on the remaining issues is:

    a.     On April 19, 2024 FPSG began producing disputed information to Plaintiff along with an agreed protective order and protocol to produce the remaining disputed information, but FGSP has been unable to secure a commitment from Plaintiff with respect to the protocol proposed.

    b.     FPSG objects to extending the Temporary Restraining Order beyond May 21, 2024 without a hearing, because Plaintiff has not demonstrated "good cause" for extending the Temporary Restraining Order beyond May 21, 2024 and the Temporary Restraining Order continues to cause substantial harm to FPSG's business.

    c.     FPSG also objects to the need for expedited discovery as Plaintiff should be able to prove the existence of its trade secrets without the benefit of any information from FPSG.

    d.    Subject to, and without waiver of the foregoing, FPSG proposes the following:

        i.    <u>Briefing Schedule on the Preliminary Injunction Motion</u>

            a.    **May 3, 2024** Defendants' Response to Motion for Preliminary Injunction;

            b.    **May 10, 2024** Plaintiff's Reply to Defendants' Response to Plaintiff's Motion for Preliminary Injunction;

            c.    **May 21, 2024** at 10:00 am Preliminary Injunction Hearing

        ii.    <u>Expedited Discovery</u>

            a.    **April 26, 2024**    Written Discovery Propounded, Expert and Fact Witness Disclosure

            b.    **May 3, 2024**    Responses to Written Discovery

            c.    **May 10, 2024**    Expert Report Disclosure

            d.    **May 13 – May 17, 2024**    Depositions

6.    Defendant McCormick has obtained new counsel, who appeared on Friday, April 19, 2024, and who are still getting up to speed in this case. Defendant McCormick's new counsel, who received this proposed status report after 5:30 pm on Monday, April 22, 2024, need one additional day to discuss Plaintiff's positions on each of the issues identified above with Mr. McCormick. Based on the foregoing, Mr. McCormick will file a supplemental status report tomorrow, April 23, 2024, addressing the issues identified herein.

7.    The Parties also jointly request a telephonic status hearing with the Court to take place on Wednesday, April 24, 2024, at any time between 11:30 a.m. and 2:00 p.m.

Dated: April 22, 2024 	Respectfully submitted,

By: /s/ Michael F. Hughes
Michael F. Hughes
Amundsen Davis, LLC
3815 E. Main St., Suite A-1
St. Charles, IL 60174
(630) 587-7925
*mhughes@amundsendavislaw.com*
&
Jeffrey M. Glass
Amundsen Davis, LLC
308 W. State Street, Ste. 320
Rockford, IL 60101
(815) 904-8804
*jglass@amundsendavislaw.com*
**Counsel for Plaintiff**

By: /s/ Steven V. Hunter
Steven V. Hunter
*Steven.Hunter@quarles.com*
Mark W. Bina
*Mark.Bina@quarles.com*
Quarles & Brady, LLP
300 N. LaSalle St., 40th Floor
Chicago, IL 60654
(312) 715-5000
**Counsel for FPSG, LLC**

By: /s/ Richard P. Darke
Richard P. Darke
Keith M. St. Aubin
Duane Morris LLP
190 South LaSalle St., Suite 3700
Chicago, Illinois 60603
(312) 499-6700
(312) 499-6701
RPDarke@duanemorris.com
KStAubin@duanemorris.com
**Counsel for Justin McCormick**

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on April 22, 2024, the foregoing *Joint Status Report* was filed electronically using the ECF system, which will send notification of such filing to all counsel of record at their e-mail addresses on file with the Court.

*s/ Michael F. Hughes*
Michael F. Hughes
