**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| THE GORDON LAW GROUP, LTD., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: 24-cv-2817 |
| ) | |
| FPSG LLC, an Illinois Limited Liability Company ) | Hon. Judge: Martha M. Pacold |
| & JUSTIN MCCORMICK, an Illinois resident ) | |
| ) | Magistrate Judge Jeffrey Cole |
| Defendants ) | |

### **PLAINTIFF'S MOTION TO DISMISS DEFENDANTS' COUNTERCLAIMS**

Plaintiff, The Gordon Law Group, Ltd. ("Plaintiff" or "GLG"), by and through its attorneys, Amundsen Davis, LLC, and pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, hereby submits this Motion to Dismiss the Counterclaims filed by Defendants, and in support thereof states as follows:

### **BACKGROUND**

1. On April 8, 2024, Plaintiff filed its Verified Complaint ("VC") against FPSG LLC ("FPSG") and Justin McCormick ("McCormick") (collectively, FPSG and McCormick are referred to herein as "Defendants"), and service of process was completed on both Defendants on April 10, 2024.

2. On April 30, 2024, FPSG filed its Answer to the VC and its counterclaim against Plaintiff, alleging one count of abuse of process. [Dkt. #34]

3. On May 1. 2024, McCormick filed its Answer to the VC and its counterclaim against Plaintiff, also alleging once count of abuse of process. [Dkt. #35]

4. The Defendants' counterclaims are virtually identical, including a verbatim recitation of many of the allegations.[1]

5. Defendants allege that McCormick voluntarily resigned his position with GLG and thereafter sat for an exit interview wherein GLG allegedly threatened to inform McCormick's new employer about his "limited ability to work because of his ongoing obligations to [GLG]." [Dkt. #34, ¶ 116; Dkt. #35 at counterclaim ("CC"), ¶ 11]

6. McCormick alleges GLG became aware in early 2023 that McCormick was employed by FPSG. [Dkt. #35 at CC, ¶ 16]

7. Defendants further allege that the videos at issue in this lawsuit were alleged to have been published in May 2023, and that GLG sent demand letters to Defendants in December 2023. [Dkt. #34, ¶¶ 120, 122; Dkt #35 at CC, ¶¶ 15, 18], and filed suit in April 2024.

8. Defendants allege that the videos at issue in the lawsuit were removed after FPSG's receipt of GLG's demand letter. [Dkt. #34, ¶ 126; Dkt. #35 at CC, ¶ 22]

9. Defendants allege that GLG delayed filing its lawsuit in order to cause disruption to their business at the busy tax deadline, for leverage, and to cause McCormick to be terminated, or to terminate his employment with FPSG. [Dkt. #34, ¶¶ 128-32; Dkt. #35 at CC, ¶¶ 24-29]

## MOTION TO DISMISS STANDARD

10. A Rule 12(b)(6) motion challenges the sufficiency of the cause of action. *See Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). A cause of action must provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), sufficient to provide the accused party

---

[1] For purposes of this motion to dismiss only, Plaintiff accepts all well-plead allegations of Defendants as true.

2

with "fair notice" of the claim and the basis for it. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

11. This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While "detailed factual allegations" are not required, "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The cause of action must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "'A claim has facial plausibility when the [pleading party] pleads factual content that allows the court to draw the reasonable inference that the [accused party] is liable for the misconduct alleged.'" *Mann v. Vogel*, 707 F.3d 872, 877 (7th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678). In applying this standard, courts accept all well-pleaded facts as true and draw all reasonable inferences in favor of the non-moving party. *Id*.

## ARGUMENT

12. To state a claim for abuse of process, Defendants "must allege [1] an ulterior purpose and [2] an act in the use of legal process not proper in the regular prosecution of the proceedings." *Harris Custom Builders, Inc. v. Hoffmeyer*, 834 F. Supp. 256, 263 (7th Cir. 1993) (citing *Erlich v. Lopin-Erlich*, 553 N.E. 2d 21, 22 (Ill. App. Ct. 1990)).

13. A bald allegation that the suit "was commenced and prosecuted for an ulterior purpose cannot, without more, satisfy the independent act requisite[.]" *R.J.R. Servs., Inc. v. Aetna Cas. & Sur. Co.*, 895 F.2d 279, 285 (7th Cir. 1989) (internal quotation marks and citation omitted). Rather, Defendants "must allege with some specificity an act in the course of process which itself evidences the ulterior purpose, and such an act may not be inferred from an improper motive." *Id*.

14. In order to satisfy the second element, the pleading party must show that the process was used to accomplish some result that is beyond the purview of the process. *Kumar v. Bornstein*, 354 Ill. App. 3d 159, 164 (2d Dist. 2004). The elements are to be strictly construed, as the tort of abuse of process is not favored under Illinois law. *Id.*

15. Moreover, the mere institution of proceedings, even with a malicious intent or motive, does not constitute abuse of process. *Reed v. Doctor's Associates, Inc.,* 355 Ill. App. 3d 865, 875–76 (5th Dist. 2005). As the *Reed* court noted:

> The test is whether process has been used to accomplish some end which is beyond the purview of the process or which compels the party against whom it is used to do some collateral thing that he could not legally and regularly be compelled to do. In other words, the defendant must have intended to use the action to accomplish some result that could not be accomplished through the suit itself.

*Id.*

16. Here Defendants have pled only the allegations that GLG's alleged "delay" before filing the Verified Complaint somehow harmed them. However, Defendants' allegations do not implicate any *court-issued process*, but rather only GLG's alleged delay *before even filing suit*. GLG's alleged "delay" before filing suit is not—and cannot—be considered "process" for purposes of an abuse of process claim. *See Holiday Magic, Inc. v. Scott*, 4 Ill. App. 3d 962, 968 (1st Dist. 1972) (finding alleged actions of the plaintiff—generation of publicity by filing complaint and statements to the media—have no relation to the "process" of the court, and cannot form the bases of an abuse of process claim). Similarly, here, the alleged "delay" cannot be considered an abuse of the court's "process."

17. Moreover, it has been repeatedly held that the mere institution of proceedings does not itself constitute abuse of process. *Holiday Magic,* 4 Ill. App. 3d at 967. In *Holiday Magic,* the court held that that the mere filing of pleadings was not "process" because pleadings are created and filed by the litigants, whereas "process" is issued by the court. *Id.* at 968.

4

Defendants must allege there was a use of process *that was not proper in the regular prosecution of the proceedings. Id.* at 967. Regular and legitimate use of process, even if there is bad intention or motive, is not abuse of process. *Id.* at 967. Defendants have failed to state a claim for abuse of process because their allegations (other than as relates to alleged pre-filing "delay") relate *solely* to the institution of the proceedings, which the applicable and long-standing caselaw holds cannot form the bases of a claim for abuse of process. "[A]buse of process lies for the improper use of process *after* it has been issued, not for maliciously causing process to be issued." *Kumar*, 354 Ill. App. 3d at 168 (emphasis in original). *See also*, *White v. Fitzpatrick*, 2021 IL App (5th) 200136-U, ¶85 (2021) ("We find that [plaintiff's] second amended complaint lacks any proper allegations which show that any of the defendants did an act in the use of legal process, after process was issued, which was not proper in the regular prosecution of proceedings."

18. Additionally, the second element of an abuse of process claim requires proof "that the process was used to accomplish some result that is beyond the purview of the process." *Kumar*, 354 Ill. App. 3d at 165. Here, the express purpose of GLG's lawsuit against Defendants was to enjoin them from using and/or disclosing GLG's confidential information and trade secrets, and to enjoin McCormick from continuing to work in a capacity where he inevitably would use and/or disclose GLG's confidential information and trade secrets, based on the Illinois Trade Secrets Act, the federal Defend Trade Secrets Act, and McCormick's contractual obligations to GLG. GLG's claims are also based on the application of the inevitable disclosure doctrine, as enforced in this Circuit under *PepsiCo, Inc. v. Redmond*, 54 F.3d 1262, 1269 (7th Cir. 1995) (affirming District Court's enjoining former employee from continuing in employment

5

with competitor in a capacity in which he inevitably would use and/or disclose plaintiff's trade secrets).

19. GLG has sought nothing in this suit other than what is allowed to it under its causes of action and theories of recovery. Therefore, GLG's lawsuit against Defendants constitutes a proper use of process. *See Community National Bank in Monmouth v. McCrery*, 156 Ill. App. 3d 580, 583-84, 509 N.E.2d 122, 108 Ill. Dec. 696 (1987) (finding no abuse of process because plaintiff initiated justified foreclosure proceedings against defendant and "[i]t was not used to compel the defendants to do some collateral thing which they could not legally be compelled to do"). This would also be the outcome, even if GLG did have some ulterior motive (which it does not), or sought to leverage legitimate process for some other purpose (which it also does not). *See Holiday Magic*, 4 Ill. App. at 967 (legitimate use of process, "even with a malicious intent or motive," is not an abuse of process); *Villarreal v. Arnold*, No. 16 CV 00603, 2016 U.S. Dist. LEXIS 176103, 2016 WL 7374272, at *3 (N.D. Ill. Dec. 20, 2016) ("filing a legitimate lawsuit to use as leverage in negotiating an outcome in another lawsuit *** would not support a claim for abuse of process").

20. Here, as the Defendants do not, and cannot, allege that the Court's process was invoked to accomplish some collateral purpose beyond the relief that is called for in the lawsuit and which may properly be ordered by the Court, the Defendants' abuse of process counterclaims fail to state a claim upon which relief may be granted.

## CONCLUSION

WHEREFORE, for the foregoing reasons, the counterclaims filed by both Defendants should be dismissed by the Court, with prejudice and with costs awarded to Plaintiff, and such other relief as the Court deems just and proper.

Dated: May 21, 2024

Respectfully submitted,

THE GORDON LAW GROUP, LTD.

By: /s/ Michael F. Hughes
      One of Its Attorneys

Michael F. Hughes
Amundsen Davis, LLC
3815 E. Main St., Suite A-1
St. Charles, IL 60174
(630) 587-7925
*mhughes@amundsendavislaw.com*

Jeffrey M. Glass
Amundsen Davis, LLC
308 W. State Street, Ste. 320
Rockford, IL 60101
(815) 904-8804
*jglass@amundsendavislaw.com*
**Counsel for Plaintiff**

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on May 21, 2024, the foregoing **PLAINTIFF'S MOTION TO DISMISS DEFENDANTS' COUNTERCLAIMS** was filed electronically using the ECF system, which will send notification of such filing to all counsel of record at their e-mail addresses on file with the Court.

/s/ Michael F. Hughes
Michael F. Hughes