UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THE GORDON LAW GROUP, LTD., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No.: 24-cv-2817 |
| v. ) | |
| ) | Hon. Judge: Martha M. Pacold |
| FPSG LLC, an Illinois Limited Liability Company ) | |
| & JUSTIN MCCORMICK, an Illinois resident ) | |
| ) | |
| Defendants. ) | |

**MCCORMICK'S PETITION FOR ATTORNEYS' FEES PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 26(C) AND 37(a)(5)(A) AND (d)**

Defendant, Justin McCormick ("McCormick" or "Defendant"), petitions the Court for entry of an award of attorneys' fees and costs against Plaintiff, the Gordon Law Group, Ltd. ("Plaintiff"), pursuant to Federal Rules of Civil Procedure 26(c) and 37(a)(5)(A) and (d) related to duly noticed depositions at which Plaintiff failed to appear, as follows:

1. Plaintiff filed this case on a pseudo-emergent basis in April 2024, alleging, among other things, McCormick's misappropriation and unlawful use of Plaintiff's alleged "trade secrets" and confidential information. (Dkt. #1).

2. At Plaintiff's request and in accordance with this Court's orders and the Federal Rules of Civil Procedure, the parties engaged in expedited fact discovery for the then scheduled preliminary injunction hearing. McCormick acted diligently throughout discovery by producing his written discovery, meeting and conferring regarding various issues McCormick identified with Plaintiff's written discovery responses, and, among other things, noticing and preparing for depositions. Plaintiff did not do so and, as further detailed in McCormick's Second Motion to Compel, refused to attend noticed depositions before the Court's July 12, 2024, fact discovery deadline. (*See* Dkt. #98-99, pp. 3-5, 9.)

3. In that regard, on June 26, 2024, McCormick served notices for the depositions of Plaintiff's Rule 30(b)(6) designee and for the individual depositions of its President, Andrew Gordon, and its Manager of Cryptocurrency, James Cortez ("GLG Depositions"). The GLG Depositions were set to proceed on July 10-11, 2024, but Plaintiff failed to appear for any of the depositions and, despite the clear requirements of the Federal Rules did not file a motion for protective order before the depositions were set to begin. (*See id.*) The depositions did not proceed, wasting significant amounts of time and fees. McCormick filed his Second Motion to Compel.

4. Only after McCormick filed his Second Motion to Compel did Plaintiff's new counsel confirm new dates to take the depositions. That did not change the fact that McCormick unnecessarily incurred duplicative attorney's fees to prepare for the GLG Depositions a second time. To be clear, McCormick does not seek the fees and costs associated with his Second Motion to Compel or for any preparation for the GLG Depositions that were originally scheduled for July 10-11 and that McCormick's counsel was able to use in preparation for the rescheduled depositions. Instead, McCormick petitions the Court for three limited categories of fees and costs that resulted directly from Plaintiff's refusal to attend the earlier noticed deposition including: 1) $1,500 in court reporter fees for the GLG Depositions that did not proceed; 2) $925.00 for time McCormick's attorneys appeared at the July 10-11 GLG Depositions; and 3) $20,850.00 for the time McCormick's counsel needed to prepare for the rescheduled GLG Depositions, which would have been unnecessary had those depositions proceeded on July 10-11, 2024. (*See* redacted versions of McCormick's July and August 2024, invoices attached as Group Exhibit A, which detail the fees and costs set forth above.)[1]

---

[1] In connection with this fee petition, McCormick has incurred an additional $1,045.00 in attorneys' fees for 1.9 hours of work performed by undersigned counsel related to reviewing and redacting the invoices

5.      Under Rule 26(c) and Rule 37(a)(5)(A), where, as here, a party fails to comply with its discovery obligations until after a motion to compel has been filed, belatedly files a motion for protective order (after the depositions were set to proceed) (*see* Dkt. #97) and that motion is denied (*see* Dkt. #108), it must pay the other party's reasonable attorneys' fees. Rule 37 states in pertinent part:

> [I]f the disclosure or requested discovery is provided after the motion was filed— the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.

FED. R. CIV. P. 37(a)(5)(A); *see also* FED. R. CIV. P. 26(c) (confirming the Court may award expenses related to a motion for protective order in accordance with Rule 37(a)(5)(A)); *MetroPCS v. Devor*, 256 F. Supp. 3d 807, 809–10 (N.D. Ill. 2017) ("Plaintiff is entitled to its reasonable attorneys' fees and costs: incurred preparing for Defendants' previously noticed depositions, which they failed to attend; attending those depositions, including court reporter costs; and, all fees and costs incurred in preparing and filing the Motion to Compel.").

6.      Likewise, Rule 37(d) confirms that "[t]he court where the action is pending may, on motion, order sanctions if . . . a party or a party's officer, director, or managing agent—or a person designated under Rule 30(b)(6) or 31(a)(4)—fails, after being served with proper notice, to appear for that person's deposition[.]" FED. R. CIV. P. 37(d)(1)(A). A party's failure to appear under Rule 37(d)(1)(A) is not excused "unless the party failing to act has a *pending* motion for a protective order under Rule 26(c)." FED. R. CIV. P. 37(d)(2) (emphasis added). Plaintiff did not have a pending motion to compel when it and its representatives failed to appear for the GLG

---

attached as Group Exhibit A, reviewing and analyzing the Second Motion to Compel and relevant authority, and for drafting this petition. The Court should award this amount to McCormick as well. *See 008Fashion*, 336 F.R.D. at 158.

Depositions, and, as discussed above, the Court denied its late-filed motion for protective order. (*See* Dkt. #97, 108.)

7. The Court should order Plaintiff to pay to McCormick $23,275.00 because the work performed and the rates charged in connection therewith were reasonable, as Duane Morris LLP routinely charges similar rates for its attorneys' services based on the experience and knowledge of the attorneys involved. Moreover, the Court should also award fees and costs because they resulted directly from Plaintiff's refusal to attend the GLG Depositions before the fact discovery deadline, McCormick has limited the requested fees and costs to work his counsel needed to duplicate in preparation for the rescheduled depositions, and because the requested fees and costs do not include any amounts for the preparation and filing of the Second Motion to Compel, which dealt with myriad issues unrelated to the depositions and that have now been resolved.

8. The undersigned certifies that on August 1, 2024, he met and conferred with Michael Homer and Constantine Economides, attorneys for Plaintiffs, pursuant to the Court's July 31, 2024, order. The fees and costs requested herein, which stem from Plaintiff's refusal to attend the GLG Depositions in July 2024, is the only issue that remains for the Court to adjudicate and on which the parties could not reach an accord.

9. Based on the foregoing, McCormick petitions this Court to enter an award of attorney fees and costs in his favor and against Plaintiff for $23,275.00.

**WHEREFORE**, Defendant Justin McCormick requests that this Honorable Court: (A) grant McCormick's Fee Petition, (B) enter an award of attorneys' fees and costs totaling $23, 275.00, and (C) grant any additional relief the Court deems just and equitable.

**JUSTIN MCCORMICK**

By:    */s/ Keith M. St. Aubin*

Richard P. Darke
Keith St. Aubin
Duane Morris LLP
190 S. LaSalle St. - Suite 3700
Chicago, IL 60603-3433
(312) 499-6700
rpdarke@duanemorris.com
Kstaubine@duanemorris.com

5

**CERTIFICATE OF SERVICE**

      I hereby certify that on September 3, 2024, I electronically filed the foregoing petition with the Clerk of the Court for the United States Northern District of Illinois by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

      /s/ *Keith M. St. Aubin*