UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THE GORDON LAW GROUP, LTD., an Illinois Limited Company, | )<br>)<br>) |
| Plaintiff and Counter-Defendant, | )<br>) Case No.: 24-cv-2817 |
| v. | )<br>) Hon. Judge: Martha M. Pacold |
| FPSG LLC, an Illinois Limited Liability Company & JUSTIN MCCORMICK, an Illinois resident | )<br>) Magistrate Albert Berry, III |
| Defendants and Counter-Plaintiffs. | ) |
| [And Related Claims] | ) |

**DEFENDANT MCCORMICK'S REPLY IN SUPPORT OF HIS FEDERAL RULE 15 MOTION FOR LEAVE TO FILE HIS AMENDED COUNTERCLAIM FOR ABUSE OF PROCESS AGAINST THE GORDON LAW GROUP AND TO AMEND HIS AFFIRMATIVE DEFENSES**

Counterclaim-Plaintiff Justin McCormick ("*McCormick*") for his reply in support of his motion for leave to file his proposed second amended counterclaim against Plaintiff and Counter-Defendant, The Gordon Law Group, Ltd. ("*GLG*"), for abuse of process and to amend his affirmative defenses, states as follows:

1. McCormick filed his answer, affirmative defenses, and original counterclaim for abuse of process against GLG in early 2024. (Dkt. #35.) GLG moved to dismiss. McCormick filed a first amended counterclaim in response to address GLG's concerns without briefing.

2. After GLG again moved to dismiss pursuant to Federal Rule 12(b)(6). The Court granted GLG's motion to dismiss. The Court's order noted McCormick could seek leave to file an amended counterclaim if pertinent post-filing conduct by GLG could be alleged.

3. In addition to his prior allegations concerning GLG's conduct, he has further identified GLG's abuse of process that occurred after it filed suit. In particular, McCormick has

highlighted GLG's impermissible use of the legal process to bar McCormick's use of, and ultimately to unlawfully exercise control over, custom-made and proprietary python-based programs that he created after leaving GLG's employment for among other things: (i) use in the crypto-tax reconciliation process, and/or (ii) the crypto tax calculation portion of any crypto tax process. (Motion, Ex. B ¶¶48-56.)

4. At no time during McCormick's employment did GLG use a python-based program in any aspect of its alleged trade secret process. None of the "scripts", "formulas", "converters", "tidbits", nor other "confidential information" that is alleged in (and forms the basis of) GLG's Complaint were created with or used the python programming language. (Motion, Ex. B ¶¶55.) In fact, GLG made clear that it used only on-line publicly available software programs to calculate client crypto taxes as part of its alleged crypto-tax reconciliation process. (*Id.*)

5. The temporary restraining order the Court entered in 2024 could not have extended to enjoining any python-based computer programing or coding. Despite this, GLG has sought to use the temporary restraining order and this lawsuit to bar McCormick's use of, and to exercise control over, his custom-made proprietary python-based programs that he created to automate portions of the crypto-tax reconciliation process after leaving GLG. (Motion, Ex. B ¶53-54.)

6. It has also, among other things, used its trade secret definition –and, hence, the temporary restraining order that was in place throughout 2024 and into 2025 –to include intellectual property that used python-based programming despite GLG never having used the same during McCormick's employment. (Motion, Ex. B ¶53-54, 56.)

7. Confirming its impermissible abuse of the temporary restraining order[1], it has sought extensive discovery seeking McCormick's python-based intellectual property including

---

[1] GLG has no right to McCormick's programming after he left GLG's employment. Presumably, GLG seeks to discover McCormick's intellectual property in order to copy, use as is, or use as basis to improve their own process.

programs and scripts that have nothing to do with the processes that GLG seeks to protect in this case.

8. To state a claim for abuse of process, the plaintiff must allege: (1) the existence of an ulterior purpose or motive[2], and (2) some act in the use of the legal process which is not proper in the regular prosecution of the proceedings. *Cozzi v. Pepsi-Cola Gen. Bottlers*, No. 96 C 7228, 1997 U.S. Dist. LEXIS 21130, at *6 (N.D. Ill. Dec. 22, 1997). Here, McCormick has a copyrightable and proprietary interest in his python-based computer programs. GLG is abusing process by using this litigation and Court orders to: (i) exercise control over, (ii) bar McCormick from using, (iii) obtain (and impermissibly use) copies of programs to improve its own process, and (iv) to steal McCormick's property rights in his python-based programs. *Cozzi*, 1997 U.S. Dist. LEXIS 21130, at *6. These allegations constitute an abuse of process, satisfying the second element of that claim. *Cozzi*, 1997 U.S. Dist. LEXIS 21130, at *9 ("Granting a preliminary injunction or issuing a rule to show cause, on the other hand, involve the use of process.").

9. Despite this, GLG argues McCormick did not allege GLG's use of "process" and, notwithstanding the allegations of its counterclaim, that McCormick failed to allege sufficient facts to plausibly state a claim for abuse of process with respect to GLG's use of the temporary restraining order for an alleged impermissible purpose with respect to McCormick's python-based programming post-GLG. (Response, Dkt. #226 p. 8-9.) McCormick disagrees. *First*, he has stated sufficient and plausible facts in his proposed counterclaim, alleging:

---

If left unremedied, GLG will gain and utilize an unfair "head start" in the development of its cryptocurrency tax reconciliation process.

[2] GLG does not argue the first element as a basis for denying McCormick's motion for leave.

> GLG used the temporary restraining order to bar McCormick's use of his python-based computer programs even though they did not exist when McCormick was employed by GLG and are McCormick's intellectual property.
>
> In addition, during the preliminary injunction hearing and subsequent fact discovery, GLG: (i) included the use of any python-based program as part claimed trade secret and definition of Confidential Information, (ii) sought to enjoin McCormick and Founders from using (and seeks to exercise and ownership over) any custom-made and proprietary python-based programs that McCormick prepared for use in the crypto-tax reconciliation process, and (iii) served extensive discovery concerning, seeking information about, and access to all python based computer programs that McCormick created since leaving GLG.

(Motion Ex. B ¶¶53-54.) The counterclaim alleges sufficient facts to state a claim.

10. GLG's Response, in fact, admits it has abused the process[3]. It admits that the TRO "made no mention of Python-based coding language, and explicitly carved out and allowed McCormick, to use 'any processes and methods for the preparation of cryptocurrency tax report preparation' that were developed independent of Plaintiff's Confidential information and trade secrets." (Id.) That the temporary restraining order does not mention python-based programing (as GLG argues) is the point –it is not part of that court issued process.

11. Yet GLG has used the temporary restraining order to include python-based programming as exemplified by its preliminary injunction definition of its trade secret, as defined by GLG during depositions, and as requested during discovery, all of which resulted in the use of the temporary restraining order to deprive McCormick of this use of his intellectual property. That is an abuse of process because it is not proper in the regular prosecution of the proceedings to include intellectual property to which it has no claim. Dkt. #226 p. 9; *Cozzi*, 1997 U.S. Dist. LEXIS

---

[3] McCormick does not argue GLG's filing of the lawsuit is process for purposes of his abuse of process claim. McCormick argues that the request for, and subsequent use of the, the temporary restraining order is the process that GLG has abused because GLG has deprived and continues to seek to deprive McCormick of the use of his intellectual property rights in python-based programming that he created after leaving GLG's employment. (Motion, Ex. B. ¶¶53-54.)

21130, at *9-10 (denying motion to dismiss abuse of process claim because plaintiff's alleged defendant abused temporary restraining order).

12. While the Court denied GLG's preliminary injunction in this case, the Court's entry of the temporary restraining order and McCormick's allegations that GLG's impermissible use of that temporary restraining order states a claim for abuse of process to bar McCormick from using and seeking to exercise control over the python-based programming intellectual property, as alleged and as held in *Cozzi*. Cozzi, 1997 U.S. Dist. LEXIS 21130, at *9-10 (denying in part and granting in part motion to dismiss; rejecting abuse of process claim with respect to denied preliminary injunction order but denying motion to dismiss abuse of process claim with respect to entered temporary restraining order).

13. For this reason, the Court should grant McCormick's motion for leave to file the proposed amended counterclaim and grant any additional relief the Court deems just.

**JUSTIN MCCORMICK**

By:    */s/ Richard P. Darke*

Richard P. Darke
Dykema Gossett PLLC
10 South Wacker, Suite 2300
Chicago, IL 60603
(312) 626-5692
RDarke@Dykema.com
*Attorneys for Defendant Justin McCormick*

**CERTIFICATE OF SERVICE**

       I hereby certify that on October 20, 2025, I electronically filed the foregoing First Amended Counterclaim with the Clerk of the Court for the United States Northern District of Illinois by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

                                     /s/ *Richard P. Darke*

126531.000001 4914-4337-2915.1